IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MONTALVO-FEBUS, *et al.*,

    Plaintiffs,

    v.

DE JÉSUS, *et al.*,

    Defendants.

CIVIL NO.: 16-2302 (GAG)

**OPINION AND ORDER**

    This case arises from allegations that Axel Arroyo-Rodríguez and Danny De Jésus conspired with other state officers to violate José Javier Montalvo-Febus's ("Plaintiff") constitutional rights. ECF No. 14, at 1. Pending before the court is the second motion to stay the proceedings pending appeal filed by the Department of Justice of the Commonwealth of Puerto Rico, on behalf of Mr. Arroyo-Rodríguez and Mr. De Jésus in their personal capacities ("Defendant"). ECF No. 54.

    On May 3, 2017, the Commonwealth of Puerto Rico, through its representative, the Financial Oversight and Management Board for Puerto Rico, filed for protection pursuant to Title III of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. §§ 2101 *et seq.*, a bankruptcy-like procedure. ECF No. 23, at 3. Title III of PROMESA automatically stays: (1) the continuation of judicial action or proceedings "against the debtor that was or could have been commenced before the commencement of the case under [Title III], or to recover a claim against the debtor that arose before the commencement of the case under [Title III]" and (2) "the . . . continuation . . . of a[n] . . . action or proceeding against an officer or

inhabitant of the debtor that seeks to enforce a claim against the debtor[.]"[1]  48 U.S.C. § 2161 (incorporating 11 U.S.C. §§ 362 and 922).

On July 10, 2017, Defendant filed a motion requesting the district court to stay the case. ECF No. 23. On September 11, 2017, now U.S. Chief District Judge Gustavo A. Gelpí denied the motion to stay because "PROMESA's automatic stay protections are not extended to officers sued in their individual capacity." ECF No. 26. On October 13, 2017, Defendant filed a motion for reconsideration. ECF No. 27. On October 16, 2017, the court denied the motion for reconsideration. ECF No. 28. Defendant appealed the denial of the motion to stay and the motion for reconsideration to the First Circuit. ECF No. 54, at 3–4. On December 6, 2017, Defendant filed a second motion for reconsideration and a motion to stay the proceedings pending appeal. ECF Nos. 32–33. The court denied both motions the same day. ECF Nos. 34–35. On May 22, 2018, the case was referred to the undersigned to conduct all further proceedings, including entry of judgment. ECF No. 49. On June 5, 2018, Defendant filed the second motion to stay pending appeal. ECF No. 54.

Four factors govern whether to issue a stay pending appeal: 1) whether the applicant has made a strong showing that he is likely to succeed on the merits, 2) whether the applicant will be irreparably injured absent a stay, 3) whether issuing a stay will substantially injure other parties, and 4) where the public interest lies. Nken v. Holder, 556 U.S. 418, 434 (2009).

---

[1] Although the Commonwealth of Puerto Rico is not a named defendant in this case, 32 L.P.R.A. § 3085 provides that "[e]very official, ex-official, employee or ex-employee of the Commonwealth of Puerto Rico who is sued for damages in his personal capacity, when the cause of action is based on alleged violations of the plaintiff's civil rights, due to acts or omissions committed in good faith, in the course of his employment and within the scope of his functions, may request the Commonwealth of Puerto Rico to provide him with legal representation, and to subsequently assume the payment of any judgment that may be entered against his person." All Defendants are represented by the Department of Justice of Puerto Rico. See ECF No. 23, at 1–2. Thus, it is not unreasonable to infer that the Commonwealth of Puerto Rico treasury could be affected by a judgment against the personal capacity defendants.

Turning to the first factor, Defendant argues that there is precedent in the District of Puerto Rico staying pursuant to Title III of PROMESA proceedings against Commonwealth officers sued in their personal capacities.  Natal-Feliciano, et al., v. Nevárez-Maldonado, et al., 14-1844 (CCC), ECF No. 81; Díaz-Castro, et al., v. Commonwealth of Puerto Rico, et al., 16-2873 (CCC), ECF No. 31; Alvarado-Solivan v. Comisión Estatal de Elecciones, 16-1458 (GAG), ECF No. 57; Marrero-Méndez v. Pesquera, et al., 13-1203 (JAG), ECF No. 131; Pizarro-Correa v. Puerto Rico Internal Revenue Department, et al., 16-2598 (FAB), ECF No. 33; Lugo-Matos, et al., v. Rivera-Torres, et al., 14-1839 (JAG), ECF No. 69; Carmen Lidia Jorge, et al., v. PRPD, et al., 11-2268 (JAG), Docket No. 277.  Given the cited case law, as well as the statutory text in 32 L.P.R.A. § 3085, the court finds that Defendant has made a strong showing that it is likely to succeed on the merits on appeal.  While Defendant would be forced to pay litigation expenses, attorney's fees, and possibly monetary judgments were the protection of the stay to remain unavailable, it is less clear how Defendant would be *irreparably* injured.  However, it also does not seem that issuing the stay will substantially injure Plaintiff, as he never filed a motion in opposition to Defendant's first motion to stay the case and it was not until an Initial Settlement and Scheduling Conference was held on June 14, 2018 that Plaintiff's counsel finally voiced his objection to Defendant's second motion to stay the proceedings pending appeal.  ECF No. 56, at 2.  Lastly, the automatic stay "is intended to give the debtor breathing room by 'stop[ping] all collection efforts, all harassment, and all foreclosure actions.'"  In re Soares, 107 F.3d 969, 975 (1st Cir. 1997) (quoting H.R.Rep. No. 95-595, at 340 (1977)).[2]  Accordingly, the court finds that the public interest weighs in favor of granting the stay.

For the foregoing reasons, the Department of Justice of the Commonwealth of Puerto

---

[2] Section 2161 of PROMESA incorporates by reference Sections 362(a) and 922(a) of the Bankruptcy Code.  48 U.S.C. § 2161.

Rico's motion to stay the proceedings pending appeal is GRANTED. The case is stayed pursuant to 48 U.S.C. § 2161 and 11 U.S.C. §§ 362 and 922. The pretrial conference and the jury trial are vacated. If the stay is lifted, the parties shall inform the court within seven days.

IT IS SO ORDERED

In San Juan, Puerto Rico, this 8th day of November, 2018.

s/Marcos E. López  
U.S. Magistrate Judge